17520.  NOLES *et al. v.* TULLEY.

STEPHENS, J.  1. As provided in section 3365 of the Civil Code (1910), as to the foreclosure of liens on real estate, a proceeding under section 3353, against the owners of real estate, to establish a lien thereon claimed under a contract between the plaintiff and the defendants for work done by the plaintiff in superintending the construction of a building on the real estate of the defendants, is a suit for the foreclosure of a lien upon real estate. Such a proceeding is within the jurisdiction of the municipal court of Atlanta, as provided in section 29 of the act establishing that court (Ga. L. 1913, p. 145), which confers upon that court jurisdiction to "foreclose all liens of laborers, contractors, materialmen and other liens of a similar nature on real estate  .  .  "

2. A judgment rendered in such a proceeding, which declares a special lien in favor of the plaintiff upon the real estate, can not be set aside upon the ground that the municipal court of Atlanta has no jurisdiction to foreclose and declare a special lien upon real estate.

Courts, 15 C. J. p. 987, n. 61.

3. The defendant's motion to set aside the judgment in the municipal court of Atlanta having been overruled, and the judgment overruling the same having been affirmed by the appellate division of the municipal court, the judge of the superior court did not err in refusing to sanction a petition for certiorari, brought by the defendants, excepting to the judgment of the appellate division of the municipal court.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED DECEMBER 20, 1926.

Petition for certiorari; from Fulton superior court—Judge Humphries.    April 21, 1926.

*Ray & Ray,* for plaintiffs in error.

*Douglas & Douglas, E. E. Andrews,* contra.